UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY FISCHER and PETER FISCHER,

                Plaintiffs,

-against-

JEAN WENDY GRAHAM,

                Defendant.

No. 15-cv-6414 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiffs Jeffrey Fischer and Peter Fischer bring this action against Defendant Jean Wendy Graham alleging claims of breach of fiduciary duty, conversion, money had and received, and unjust enrichment in connection with their purported rights to receive certain sums of money held in their deceased parents' bank account. Plaintiffs additionally request equitable relief and the imposition of a constructive trust. Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1), (b)(6), and (c) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

    The following facts are taken from the Complaint (ECF No. 1) unless otherwise noted, and are accepted as true for purposes of this motion.

    Plaintiffs and Defendant are siblings. (Compl. ¶ 6.) On or before 2009, the parties' parents opened a bank account (the "Joint Account"). (*Id.* ¶ 9.) On or around 2010, the parties' parents added Defendant as an account party to the Joint Account so that Defendant could assist in paying the expenses of the parties' parents. (*Id.* ¶¶ 13–14.) Defendant did not contribute funds to the Joint Account. (*Id.* ¶ 11.) The parties' mother passed away on October 30, 2014,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2016

and the parties' father passed away on June 6, 2015.  (*Id*. ¶¶ 7–8.)  At that time, the balance of the Joint Account was in excess of $118,000.  (*Id*. ¶ 21.)

The Complaint alleges that the parties' parents instructed Defendant to divide the Joint Account into thirds upon their death, with each of the children receiving equal shares.  (*Id*. ¶ 16.)  On June 22, 2015, Defendant sent an email to Plaintiff Jeffrey Fischer concerning the Joint Account: "$118,000 divided by 3 is $39,000.  If it is OK with you, I would like to send you a check for $14,000 and another to Molly for $14,000 so that you will have $28,000 of what is yours."  (*Id*. ¶ 22; Ex. A.)  In reply to that email, Plaintiff Jeffrey Fischer requested that the siblings discuss the Joint Account in-person "when we are [in New York] together on the 23rd."  (*Id*. ¶ 23; Ex. B.)  Defendant replied that she may not be available on that date and wished "to distribute the money now."  (*Id*. ¶ 24; Ex. C.)  Subsequently, Defendant refused to distribute any of the funds from the Joint Account to Plaintiffs.  (*Id*. ¶ 25.)  Instead, Defendant informed Plaintiffs that she intended to keep all of the money in the Joint Account and add her husband as an account holder.  (*Id*. ¶ 26.)  To date, Defendant has failed to make any distributions out of the Joint Account to Plaintiffs.  (*Id*. ¶ 27.)

## LEGAL STANDARDS

### I. Motion to Dismiss Standards

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  In assessing whether there is

subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides,* 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits . . . ." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000).

Under Rule 12(b)(6), the inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010). The Court, again, must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## II.   Judgment on the Pleadings Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki,* 689 F.3d 110, 114 (2d

Cir. 2012) (quoting *Twombly,* 550 U.S. at 570). The standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(b)(6). "Judgment on the pleadings 'is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.'" *Virgin Grp. Holdings Ltd. v. Energy Parametics & Commc'ns, Inc.*, No. 10-cv-08752 (BSJ) (THK), 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011) (quoting *Sellers v. M.C. Floor Crafters Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)).

## DISCUSSION

Defendant submits that dismissal of the instant action is appropriate on two alternative bases: (1) the Court lacks jurisdiction to adjudicate Plaintiffs' claims because the Joint Account is an estate asset and the parties' parents' will has not yet been submitted to probate, or (2) even if the Joint Account were to pass outside the estate, Plaintiffs have failed to allege a basis for their entitlement to funds from the Joint Account. The Court first considers Defendant's jurisdictional challenge.

**I.     Probate Exception to Federal Jurisdiction**

The "probate exception" to federal diversity jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 296 (2006). "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id*. In *Marshall*, the Supreme Court clarified the scope of the probate exception, holding it applies to claims that: (1) "involve the administration of an estate, the probate of a will, or any other purely

probate matter" and (2) "seek to reach a *res* in the custody of a state court." *Id*. at 312 (internal quotations and citations omitted). Notably, the Second Circuit has interpreted the probate exception to have a "limited application." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir. 2007).

In the present case, Plaintiffs seek the distribution of funds from the Joint Account to which Defendant is an account party. Plaintiffs' claims cannot be interpreted as a purely probate matter, and Plaintiffs are not seeking to probate a will. Therefore, the first prong of the probate exception is inapplicable. Additionally, because Plaintiffs do not seek the distribution of estate funds under the control of a probate court, any relief granted by this Court would not require it to interfere with *res* in the custody of a state court, rendering the second prong of the probate exception inapplicable. *See Lifschultz v. Lifschultz*, No. 12-cv-1881 (ER), 2012 WL 2359888, at *6 (S.D.N.Y. June 20, 2012). "Where a plaintiff seeks to 'recover assets allegedly in [a defendant's] possession so that they may be returned to the estate,' the probate exception does not apply." *Capponi v. Murphy*, 772 F. Supp. 2d 457, 466 (S.D.N.Y. 2009) (quoting *Popple v. Crouse*, No. 06-cv-1567, 2007 WL 2071627, at *2 (D. Conn. July 13, 2007) (Plaintiff's "claims for unjust enrichment, breach of fiduciary duty, conversion, and theft demonstrate that the purpose of this action is to recover assets allegedly in Crouse's possession so that they may be returned to the estate. Neither of the two narrow applications of the probate exception is germane to this case, and, accordingly, this Court must retain its jurisdiction.")).[1] Accordingly, this Court has jurisdiction over the instant action.

---

[1] Additionally, the instant action is distinguishable from the case relied upon by Defendant—*Fisch v. Fisch*, No. 14-cv-1516 (NSR), 2014 WL 5088110 (S.D.N.Y. Sept. 23, 2014) ("*Fisch*"). In *Fisch*, this Court determined that the probate exception was applicable because (1) Defendant was sued in her capacity as Executrix of the estate and (2) if Plaintiff were to succeed on the merits of his claim, a Court order would implicate the distribution of a *res* under the control of the Surrogate Court. 2014 WL 5088110, at *3. Here, however, Defendant is being sued in her personal capacity for her own actions (alleged failure to distribute the Joint Account funds equally) and the Joint Account is not a *res* in the custody of a state court.

## II.  Breach of Fiduciary Duty

"The elements of a cause of action for participation in a breach of fiduciary duty are: breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages." *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004).  Here, Defendant contends that dismissal of the breach of fiduciary duty claim is appropriate because no fiduciary relationship exists between Plaintiffs and Defendant.  (Def.'s Mot. at 6–7.)  However, Plaintiffs assert that a fiduciary relationship exists (1) by virtue of the fact that Plaintiffs and Defendant are siblings and (2) because of Defendant's promise to distribute the funds of the Joint Account to Plaintiffs.  (Pls.' Opp. at 13.)

A sibling relationship, standing alone, does not establish a *per se* fiduciary relationship. *See Almazan v. Almazan*, No. 14-cv-311 (AJN), 2015 WL 500176, at *12 (S.D.N.Y. Feb. 4, 2015) ("While courts have inferred fiduciary relationships based on familial bond in particular instances, they generally do not accept the premise that familial bond, alone, is sufficient.") (citations omitted).  Instead, courts typically require additional allegations suggesting "one party reposing confidence and trust in the other," in addition to a familial relationship, to successfully allege the existence of a fiduciary relationship.

Here, the additional allegations propounded by Plaintiffs, taken together with the parties' familiar relationship, cannot establish a fiduciary relationship between the parties.  "Essential elements of a fiduciary relationship are *de facto* control and dominance by one party and reliance by the other.  The dominant party must be under a duty to give advice and act for the benefit of the other upon matters within the scope of the relation." 28 N.Y. Prac., Contract Law § 21:65. *See also United States v. Chestman*, 947 F.2d 551, 568 (2d Cir. 1991) ("At the heart of the fiduciary relationship lies reliance, and de facto control and dominance.") (internal citations and

quotations omitted).  In the first instance, Plaintiffs admit that they are not beneficiaries to the account, nor are they account holders.  Instead, Plaintiffs rely upon the sole allegation that Defendant agreed to divide the funds of the Joint Account equally upon their parents' deaths as evidence of the fiduciary relationship.  However, a mere promise does not does not bestow *de facto* control and dominance upon Defendant over Plaintiffs.  *See Borumand v. Assar*, No. 01-cv-6258P, 2005 WL 741786, at *10 (W.D.N.Y. Mar. 31, 2005) (citing *Chipman v. Steinberg*, 106 A.D.2d 343, 483 N.Y.S.2d 256 (1st Dep't 1984), *aff'd*, 65 N.Y.2d 842, 493 N.Y.S.2d 129, 482 N.E.2d 925 (1985)).  Additionally, Plaintiffs' conclusory allegation that "[a] fiduciary relationship existed" is insufficient to establish a fiduciary relationship.  *See Childers v. New York & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 306 (S.D.N.Y. 2014) (quoting *Faktor v. Yahoo! Inc.*, No. 12-cv-5220, 2013 WL 1641180, at *3 (S.D.N.Y. 2013)).  Therefore, the Court dismisses Plaintiffs' breach of fiduciary duty claim.[2]

### III.   Conversion

Plaintiffs assert that they possess a right and interest in the Joint Account by virtue of the parties' parents' instructions regarding the distribution of the Joint Account and Defendant's agreement to distribute funds from the Joint Account to her brothers upon the death of their parents.  "'To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights.'"  *Barnet v. Drawbridge Special Opportunities Fund LP*, No. 14-CV-1376 PKC, 2014 WL 4393320, at *19 (S.D.N.Y. Sept. 5, 2014) (quoting *Nat'l Ctr. for Crisis Mgmt., Inc. v. Lerner*, 91 A.D.3d 920 (2d Dep't 2012)).  "Tangible personal property

---

[2] The absence of a fiduciary relationship also warrants dismissal of Plaintiffs' claim for a constructive trust.  *See Almazan*, 2015 WL 500176, at *13.

or *specific money* must be involved." *Lerner*, 91 A.D.3d at 921 (internal citations and quotation marks omitted) (emphasis in original).  Where, as here, the subject of the conversion claim is money, rather than other personal property, there must be "a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Barnet,* 2014 WL 4393320, at *21 (quoting *Thys v. Fortis Sec. LLC.*, 74 A.D.3d 546, 547 (1st Dep't 2010)).  Finally, "a plaintiff must have either possessed the money or had a right to immediate possession of the money."  *Barnet,* 2014 WL 4393320, at *2 (citing *Ehrlich v. Howe*, 848 F.Supp. 482, 492 (S.D.N.Y. 1994) (to establish a claim for conversion of money based on a purported future interest, a plaintiff must allege "that the money converted was in specific tangible funds of which the plaintiff was the legal owner and entitled to immediate possession")).

Although it is not entirely clear whether New York permits conversion claims based on a right to future possession, *see Barnet*, 2014 WL 4393320, at *20 (citing *Solow v. Delit*, No. 71943, 1993 WL 322838, at *6 (S.D.N.Y. Aug. 16, 1993)), even if it did, Plaintiffs have not alleged that they ever possessed the funds located in their parents' account or had any right to the immediate possession of those funds.  Such allegations are required to state a claim for conversion of money under New York law.  *See Barnet,* 2014 WL 4393320, at *21 (citing *Ehrlich*, 848 F. Supp. at 492).  Instead, Plaintiffs assert that their conversion claim is premised upon Defendant's future promise to disburse equally funds from the Joint Account.  That future promise, however, cannot support a claim for conversion.  Plaintiffs' lack of actual possession, or a right to immediate possession, of the funds in their parents' accounts is fatal to their conversion claim.  It is therefore dismissed.

**IV.    Unjust Enrichment and Money Had and Received Claims**

Finally, the Court turns to Plaintiffs' claims for unjust enrichment and money had and received.[3]  "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  *Almazan*, 2015 WL 500176, at *14 (internal quotation and citation omitted).  Additionally, "[u]nder New York law, an action for money had and received lies when '(1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money.'"  *Panix Promotions, Ltd. v. Lewis*, No. 01-cv-2709 (HB), 2002 WL 122302, at *2 (S.D.N.Y. Jan. 22, 2002) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984) (citation omitted)); *see also Parsa v. State*, 64 N.Y.2d 143, 148, 474 N.E.2d 235 (1984) (a claim for money had and received is premised upon "an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another").  "Traditionally, the remedy for money had and received is available if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass."  *Panix*, 2002 WL 122302, at *2.

The Complaint contains no allegations that Defendant came to possession of the Joint Account through oppression, imposition, extortion, or deceit, or by the commission of a trespass.  Instead, the Complaint acknowledges that the parties' parents added Defendant as an account holder, and Defendant retained sole possession of the Joint Account upon the parties' parents'

---

[3] The cause of action for money had and received "is essentially identical to a claim of unjust enrichment."  *Belda v. Doerfler*, No. 14-cv-941 (AJN), 2015 WL 5737320, at *4, n.4 (S.D.N.Y. Sept. 30, 2015), *appeal dismissed* (Jan. 7, 2016) (collecting cases).

deaths. Nevertheless, Plaintiffs assert that they are entitled to funds from the Joint Account on the basis of their sister's promise to their parents and emails exchanged between Plaintiffs and Defendant. Unfortunately for Plaintiffs, their argument is defeated by the undeniable fact that Defendant—not Plaintiffs—has a possessory interest in the Joint Account. Moreover, even taking all the allegations in the Complaint as true, the principles of equity and good conscience do not require Defendant to hand over money from the Joint Account to Plaintiffs. Defendant was the sole account holder of the Joint Account upon the parties' parents' deaths—Plaintiffs are not and never have been account holders. Therefore, Defendant neither benefitted at Plaintiffs' expense nor received money belonging to Plaintiffs because Plaintiffs never had an interest in the Joint Account.[4] Accordingly, Plaintiffs' claims for unjust enrichment and money had and received are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED. The Court respectfully directly the Clerk to terminate the motion at ECF No. 20 and close the case.

Dated: June 3, 2016
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[4] The instant case is distinguishable from *Almazan*. In that case, the plaintiffs gave their daughter, one of the defendants, money to make an initial purchase of an apartment in New York City. 2015 WL 500176, at *1. In turn, the defendant daughter listed her mother's name on the shares of the co-op. *Id.* Subsequently, the defendant daughter purchased and sold a few more properties, each time promising her parents that her mother's name was listed on the title for the properties. *Id.* at *2-3. Ultimately, the plaintiffs discovered that the defendant had not added her mother's name to the properties' titles. The court concluded that the plaintiffs had alleged *prima facie* cases of unjust enrichment and money had and received because the defendant "undoubtedly benefitted at the expense" of her parents by virtue of their contribution of money to purchase the initial apartment. *Id.* at *14. Here, however, Defendant has not benefitted at the expense of Plaintiffs because Plaintiffs have no legal right to funds from the Joint Account.